JOHNSON *v.* PORTER.[*]

(Division B.   Sept. 27, 1926.)

[109 So. 601.   No. 25493.]

JUSTICES OF THE PEACE. *Justice of peace of justice district of county
    where contract is made, or liability incurred, may render judg-
    ment in suit thereon, although defendant, freeholder and house-
    holder of another justice district of county, pleads to jurisdic-
    tion (Hemingway's Code, section 2223 [Code 1906, section 2724]).*
    Under section 2223, Hemingway's Code (section 2724, Code of
    1906), a justice of the peace of the justice district of the county
    where a contract is made, or liability is incurred, has juris-
    diction to render judgment in a suit thereon, although the de-
    fendant may be a freeholder and householder of another justice
    district of the county, and pleads to the jurisdiction of the court.

    [*]Corpus Juris-Cyc References:   Justices of the Peace, 35CJ, p. 559,
n. 62.

APPEAL from circuit court of Yalobusha county.
HON. GREEK L. RICE, Judge.

Action by A. B. Porter against C. W. Johnson, begun in
a justice of the peace court.   From a judgment for plain-
tiff, defendant appealed to the circuit court, and from its
judgment for plaintiff, defendant appeals.   Affirmed.

*Wm. F. Hamilton,* for appellant.

Appellant contends that his motion to dismiss for want
of jurisdiction should have been sustained by the circuit
judge.   In *Cain* v. *Simpson,* 53 Miss. 521, the court held:
''When a freeholder and householder is sued in a dis-
trict other than his proper district and the question of

jurisdiction is presented to the magistrate, he has no power to transfer to the proper district, but must desist altogether from further cognizance of the suit.'' See, also, *Gibson* v. *Mills et al.*, 95 Miss. 726; *Collett* v. *Drummond*, 113 Miss. 450; *Lewis* v. *Sinclair*, 126 Miss. 16.

It was error on the part of the court below not to sustain appellant's motion to dismiss for want of jurisdiction and the cause should be reversed and dismissed.

*Rufus Creekmore,* for appellee.

A note was executed by the appellant in the third supervisor's district of Yalobusha county, Mississippi. The appellant lived in the second district of Yalobusha county. Suit was brought in the justice of the peace court of the third district and the appellant contends that the court was without jurisdiction and that the suit should have been brought in the district in which he lived. Section 2223, Hemingway's Code (section 2724, Code of 1906) governs here.

None of the cases cited by counsel in this brief are applicable to the case at bar, the only case which touches the point being *Gibson* v. *Mills*, 95 Miss. 726, which holds that when a suit is brought in the county of the residence of the defendant, he may be sued in the district in which he resides, the liability incurred, the debt contracted or in which the property may be found.

The judgment of the lower court should be affirmed.

ETHRIDGE, J., delivered the opinion of the court.

The appellee, A. B. Porter, sued C. W. Johnson in the justice of the peace court of beat No. 3, Yalobusha county, Miss. Johnson, the appellant, filed his plea in writing, urging that he was not a resident citizen of beat No. 3, Yalobusha county, but that he was a resident citizen and householder of beat No. 2 at the time the liability occurred, if any, and at the time suit was filed in

the cause; that Johnson and his family were freeholders and householders in beat No. 2 in said county, and were at the time it was said the obligation was incurred, and at the time the suit was brought, and asked that the suit be dismissed.

The justice of the peace held that he had jurisdiction, and rendered judgment against the defendant, and the case was appealed to the circuit court, and there tried before the judge without a jury on an agreed statement of facts, in which it was agreed between the parties that the note sued on was executed by the defendant, Johnson, in the third district of Yalobusha county, Miss., and that Walker was, and had been on the 3d day of October, 1922, a duly elected and qualified justice of the peace in and for the third supervisor's district of Yalobusha county, Miss., and that said Johnson was and had been on said date a resident citizen, householder, and freeholder of the second supervisor's district of Yalobusha county, Miss., and there was at that time a duly elected and qualified justice of the peace in district No. 2 qualified to try the cause; that at the time of the execution of the note sued on the defendant, Johnson, assigned to the plaintiff, A. B. Porter, as collateral security to said note, a certain claim against Lafayette county, Miss., in the amount of one hundred twenty-one dollars, and that said Porter on the 11th day of October, 1924, collected the said claim against Lafayette county, Miss., and applied it on the amount sued on. It is further agreed that the amount owing on the said note, if anything, is the sum of twenty-six dollars, plus the sum of twenty-five dollars for attorney's fees, making a total of fifty-one dollars due and owing on said note. The circuit judge held that the justice of the peace had jurisdiction, and rendered judgment accordingly.

Section 2223 of Hemingway's Code (section 2724, Code of 1906), provides, in part, as follows:

"The jurisdiction of every justice of the peace shall be coextensive with his county, and he may issue any

process in matters within his jurisdiction, to be executed in any part of his county; but every freeholder or householder of the county shall be sued in the district in which he resides, if there be a justice acting therein and qualified to try the suit, or in the district in which the debt was contracted, the liability incurred, or in which the property may be found. . . ."

It is the contention of the appellant that a freeholder or householder must be sued within the district of his residence, although the debt was contracted in another district. His contention cannot be maintained. Jurisdiction may be obtained in either of the districts, and where a householder or freeholder goes out of his district into another district of his county and contracts an obligation, or incurs liability, he may be sued on said contract or liability in the district where the contract was made, or the liability occurred. The judgment of the lower court will therefore be affirmed.

*Affirmed.*